Admission of the signature is not an absolute admission of the debt; but the admission of the signature with the addition, that all his just debts shall be paid, is equivalent to saying that this debt, if a just one, shall be paid, which in ordinary cases would certainly avoid the act of limitations; also in ordinary cases the admission of one of several defendants would avoid the act as to all (Douglass, 652, 653), and we can see no reason why the admission of one of several executors should not have the same effect. Any one of the executors may pay a just debt, though barred by the act of limitations, if he will, for he is not bound to take advantage of the act of limitations. Such payment would be a good one and he would be allowed it on a plea of plene administravit as to creditors, or in a settlement with legatees or next of kin. Then why not also bind the assets by his promise to pay it, if one of two executors should admit the debt and be sued first and plead the general issue? That, (8) in the case of unsealed instruments, would be good evidence of the debt and supersede the necessity of proving the instrument on trial. Then why not take it out of the act of limitations? As to a new promise being the ground for an action against the executor only injure proprio, he may possibly be sued that way and be charged, perhaps, debonis propriis; for it has been sometimes held that a new promise is not only evidence of the old debt, but also of assets to pay it; at least it is so laid down in many of the old books. But that does not prove that the old cause of action is extinguished and that no action will lie against the executor, after such new promise. With respect to the act of limitations, the bar does not proceed upon the idea that the old debt is extinguished, for an admission of the debt after the action commenced will avoid the bar. 2 Bur., 1099. The act was intended to operate where a presumption of payment could fairly be raised from acquiescence for a considerable length of time that the debt was paid, *Page 23 
which presumption remains not after a recent acknowledgment of the debt. An acknowledgment or new promise gives not a new cause of action only to be used as a substitute for the old, but removes the presumption of payment, which is an obstacle opposed by the act to the plaintiff's recovery on the old cause of action.
There was a verdict for the plaintiff and a motion for a new trial, and a rule made in order that the above points might be again argued and maturely considered; and on the day appointed to show cause the above points were again argued on both sides, and the Court gave the same opinion as before. Upon the latter argument a new point was made. It was argued that if here was a promise to pay, it was conditional, and to take effect when the Holly Shelter lands were sold, and cannot be obligatory before that event takes place, which as yet it has not, the Holly Shelter lands being not yet sold.
PER CURIAM: In this conversation there are two branches: the one admits the debt if it be a just one, the other relates to payment to be made out of a particular fund. All that is material as to the act of limitations is the admission of the debt; for upon that the law says it shall be paid out of the personal estate, and it is to no purpose for the executor to say he will pay out of the real, over which he has no control. Here is no evidence to impeach the justness of the debt; his signature may well stand as evidence of that originally till the contrary be shown, though the signature alone may not be evidence that it is a subsisting debt.
Rule discharged.
NOTE. — See Wilkings v. Murphey, post 282, and Falls v. Serril,19 N.C. 371. In the latter case it is said that if a new promise, taking a case out of the statute of limitations, be made by or to an executor, the action must be brought on it; and that when the new promise is conditional, upon the performance of the condition it is evidence of a previous absolute promise.